UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COREY M. LAMPE, SR.,

                Plaintiff,

v.

DEPARTMENT OF ADULT AND
JUVENILE DETENTION, *et al.*,

                Defendants.

Case No. C20-1185-JLR-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Corey Lampe has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has failed to adequately state a claim upon which relief may be granted in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Plaintiff is currently confined at the King County Jail in Seattle, Washington, where he is apparently awaiting trial on a pending charge of failing to register as a sex offender. (*See* Dkts. 5,

REPORT AND RECOMMENDATION - 1

5-1.) Plaintiff is out on transport from the Washington Department of Corrections ("DOC") where he is facing a 24-month term of confinement for violating the conditions of his community custody. (*See id*.)

On August 3, 2020, plaintiff presented to this Court for filing a prisoner civil rights complaint in which he alleged that his Eighth Amendment rights had been violated by his confinement in the midst of the COVID-19 pandemic. (Dkt. 5 at 4.) Plaintiff asserted that he had been around other individuals in various facilities who later become infected, and he claimed his life was in imminent danger as long as he remained confined. (*Id*. at 4-5.) Plaintiff also appeared to assert that his Fourteenth Amendment rights had been violated by the conditions of his community custody and/or by the way in which the DOC had managed his community custody. (*Id*. at 6-7.) Plaintiff asserted as well that his Fourth Amendment rights were violated when officers at the DOC's Burien Field Office took him to Harborview Medical Center following his arrest and had his blood drawn, without a warrant, while he was under the influence. (*Id*. at 7-8.) Finally, plaintiff complained that the DOC officers failed to get him "signed up" for the Suboxone program when taking him to the Jail for booking, despite knowing plaintiff was coming down off drugs and would go through withdrawal. (*Id*.)

Plaintiff identified as defendants in his complaint the King County Department of Adult and Juvenile Detention ("DAJD"), the Indeterminate Sentence Review Board/Community Corrections Board ("ISRB/CCB"), and the DOC. (*Id*. at 3.) Plaintiff requested damages and he asked the Court to "Navigate/Advocate my Conditional Release back to Department of Corrections Community Custody[.]" (*Id*. at 9.)

After reviewing plaintiff's complaint, this Court concluded that plaintiff had not stated any viable claim for relief in his pleading. Thus, on August 24, 2020, the Court issued an Order

REPORT AND RECOMMENDATION - 2

declining to serve plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. 6.) The specific deficiencies noted by the Court were that (1) the DAJD, as an entity of King County, was not a proper defendant, (2) any intended claims against the ISRB/CCB and the DOC were barred under the Eleventh Amendment, (3) plaintiff's request for assistance in obtaining his conditional release back to community custody would require this Court's intervention in his pending state court criminal proceedings and plaintiff had not demonstrated that such intervention was justified, and (4) plaintiff's request for release, to the extent it could be construed as a challenge to the DOC's revocation of plaintiff's community custody, was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 3-5.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that the action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. To date, plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a viable

REPORT AND RECOMMENDATION - 3

claim for relief under § 1983.  This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g).  A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect the right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 11, 2020**.

DATED this 16th day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4